ORIGINAL

Guerrero.ple

LEONARDO M. RAPADAS
United States Attorney
KARON V. JOHNSON
Assistant U.S. Attorney
Suite 500, Sirena Plaza
108 Hernan Cortez Avenue
Agana, Guam 96910
Telephone: (671) 472-7332/7283
Telecopier: (671) 472-7334

Attorneys for United States of America
**FILED**
DISTRICT COURT OF GUAM

MAR 14 2005

MARY L.M. MORAN
CLERK OF COURT

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF GUAM

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CRIMINAL CASE NO. 05-00013 |
| Plaintiff, ) | |
| vs. ) | **PLEA AGREEMENT** |
| MARVA GUERRERO, ) | |
| Defendant. ) | |

Pursuant to Rule 11(c)(1)(B), the United States and the defendant, MARVA GUERRERO, enter into the following plea agreement:

1. The defendant agrees to enter a guilty plea to an Indictment charging her with Structuring Transactions to Evade a Reporting Requirement, in violation of Title 18, United States Code, § 5324(a)(1) & 5322(a).

2(a) The defendant, MARVA GUERRERO, further agrees to fully and truthfully cooperate with Federal law enforcement agents concerning their investigation of currency transaction violations and related unlawful activities. Cooperation shall include providing all information known to defendant regarding any criminal activity, including but not limited to the offense to which she is pleading guilty.

- 1 -

2(b) The United States will make this cooperation known to the Court prior to the defendant's sentencing. The defendant further understands that she remains liable and subject to prosecution for any criminal schemes of which she does not fully advise the United States, or for any material omissions in this regard.

2(c) This agreement is not contingent in any way upon the outcome of any investigation, proceeding or subsequent trial. Thus, none of the rights and obligations described above are in any way dependent upon a grand jury returning an indictment, a jury's verdict at any trial, or the success of any prosecution.

2(d) Except as otherwise herein provided, the United States agrees not to prosecute defendant for any other non-violent offenses which were committed in the District of Guam or the Northern Mariana Islands (CNMI) which defendant reveals to Federal authorities during her cooperation with the United States. This agreement is limited to crimes committed by defendant in the districts of Guam or the CNMI.

3. The defendant, MARVA GUERRERO, understands that the <u>maximum</u> sentence for Failure to File a Currency Transaction Report is a term of five (5) years imprisonment, a $250,000 fine, and a $100 special assessment fee, which must be paid at the time of sentencing. Any sentence imposed may include a term of supervised release of not more than three (3) years in addition to such terms of imprisonment. Defendant understands that if she violates a condition of supervised release at any time prior to the expiration of such term, the court may revoke the term of supervised release and sentence her up to an additional two (2) years of incarceration pursuant to 18 U.S.C. § 3583(e)(3).

3(b) If defendant cooperates as set forth in Paragraph 2, the government will recommend that defendant receive the minimum term of incarceration recommended by the Sentencing Guidelines.

3(c) The government will recommend a fine within the Sentencing Guidelines range. If defendant is financially unable to immediately pay the fine in full, defendant agrees to make a full disclosure of her financial status to the United States Attorney's Office by completing a

-2-

Financial Disclosure Form (OBD-500) for purpose of fixing a monthly payment schedule. Defendant understands that, by law, interest accrues on any remaining balance of the debt.

4. The defendant understands that to establish a violation of Structuring Transactions to Evade a Reporting Requirement, as charged pursuant to 31 U.S.C. § 5324(a)(1), the government must prove each of the following elements beyond a reasonable doubt:

> First: the defendant involved a domestic financial institution in a transaction for the transfer of United States currency;
>
> Second: a report was required to be filed concerning said transaction because it involved more than $10,000 in United States currency, as prescribed by regulations promulgated by the Secretary of the Treasury pursuant to 31 C.F.R. §§ 103.11 and 103.22;
>
> Third: the defendant caused said domestic financial institution to fail to file such a report; and
>
> Fourth: the defendant acted with the intent and purpose of evading the reporting requirements of Title 31, United States Code, § 5313(a).

5. The defendant also understands that the facts she stipulates to herein will be used, pursuant to 1B1.2, in calculating the applicable Sentencing Guidelines level. The Government and the defendant stipulate to the following facts for purposes of the Sentencing Guidelines:

(a) The defendant was born in 1971, and is a citizen of the United States.

(b) If the defendant cooperates with the United States by providing information concerning the unlawful activities of others, the government agrees that any self-incriminating information so provided will not be used against defendant in assessing her punishment, and therefore, pursuant to § 1B1.3 of the Sentencing Guidelines, this information should not be used in determining the applicable Guidelines range.

(c) My Lai Wong asked the defendant if she wanted to make some money, and the defendant agreed. Wong gave defendant $70,000 in United States currency, and requested that she cause seven cashier's checks to be purchased with this money. Wong gave defendant a list with seven names on it. Defendant went to a domestic financial institution, First Hawaiian Bank, and attempted to purchase the seven checks, but the Bank would not engage in the transaction unless she was an account holder. Accordingly, defendant opened a savings account at First

-3-

Hawaiian Bank with this $70,000, then withdrew 69,300, which she used to purchase cashier's checks, each in the amount of $9,880. The Bank charged a $20 fee per check, leaving defendant with $700, which was her payment for performing this service for Wong. Title 31, United States Code, § 5313(a) and 31 C.F.R. §§ 103.11 and103.22, required that a cash transaction report be filed for every cashier's check which was purchased with United States currency in the amount of over $10,000. By causing the $70,000 cash to be broken down into seven transactions, each under $10,000, a cash transaction report was not required to be filed concerning any of these checks. The defendant caused these transfers with the intent and purpose of evading the reporting requirements as set forth above.

(d) The defendant understands that notwithstanding any agreement of the parties, the United States Probation Office will make an independent application of the Sentencing Guidelines. The defendant acknowledges that should there be discrepancies in the final sentencing guidelines range projected by her counsel or any other person, such discrepancies are not a basis to withdraw her guilty plea.

6. The defendant understands that her sentencing may be continued, at the sole discretion of the United States, until after the indictment and trial of any associates involved. This will also enable the Court to see the full degree of the defendant's cooperation. The defendant therefore waives any right she may have to any speedy sentencing and hereby agrees to any continuance of her sentencing date as it may become necessary.

7. In exchange for the government's concessions in this plea agreement, the defendant waives any right to appeal or to collaterally attack this conviction but reserves the right to appeal the sentence imposed in this case. The defendant agrees that the government has bargained for a criminal conviction arising from her conduct. If at any time defendant's guilty plea or conviction is rejected, withdrawn, vacated or reversed, for whatever reason, or if any change of law renders the conduct for which she was convicted to be non-criminal, defendant agrees that she will enter a guilty plea to another charge encompassing the same or similar conduct. In such event,

-4-

defendant waives any objections, motions or defenses based upon the Statute of Limitations, Speedy Trial Act, or constitutional restrictions as to the time of bringing such charges.

8. The defendant acknowledges that she has been advised of her rights as set forth below prior to entering into this plea agreement. Specifically, defendant has been fully advised of, has had sufficient opportunity to reflect upon, and understands the following:

(a) The nature and elements of the charge and the maximum possible penalty provided by law;

(b) Her right to be represented by an attorney;

(c) Her right to plead not guilty and the right to be tried by a jury and at that trial, the right to be represented by counsel, the right to confront and cross-examine witnesses against her, and the right not to be compelled to incriminate herself, that is, the right not to testify;

(d) That if she pleads guilty, there will not be a further trial of any kind on the charges to which such plea is entered so that by entering into this plea agreement, she waives, that is, gives up, the right to a trial;

(e) Because this plea is entered pursuant to Federal Rule of Criminal Procedure 11(c)(1)(B), the defendant understands that she may not withdraw her guilty plea even if the court does not accept the sentencing recommendations of the government or her counsel;

(f) That, upon entry of a plea of guilty, or thereafter, the Court may ask her questions about the offenses to which she has pled, under oath, and that if she answers these questions under oath, on the record, her answers may later be used against her in prosecution for perjury or false statement if an answer is untrue;

(g) That she agrees that the plea agreement is voluntary and not a result of any force, threats or promises apart from this plea agreement;

//
//
//
//

-5-

(h) The defendant is satisfied with the representation of her lawyer and feels that her lawyer has done everything possible for her defense.

DATED: 03/10/05

*[signature]*
MARVA GUERRERO
Defendant

DATED: 3/10/05

*[signature]*
JOHN T. GORMAN
Attorney for Defendant

LEONARDO M. RAPADAS
United States Attorney
Districts of Guam and CNMI

DATED: 3/10/05          By: *[signature]*
KARON V. JOHNSON
Assistant U.S. Attorney

DATED: 3-14-05

*[signature]*
RUSSELL C. STODDARD
First Assistant U.S. Attorney